UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN WINOGRAD, <br><br> Plaintiff, <br><br> v. <br><br> MERCEDES-BENZ USA, LLC et al., <br><br> Defendants. | Civil Action No. 16-4914 (WJM) <br><br> REPORT AND RECOMMENDATION |

**FALK, U.S.M.J.**

Before the Court is Plaintiff's motion for joinder and remand. [CM/ECF No. 21.] The motion is opposed. The Honorable William J. Martini, U.S.D.J. has referred the motion to the Undersigned. The Court decides it on the papers. Fed.R.Civ.P. 78. For the reasons discussed below, it is respectfully recommended that Plaintiff's motion for joinder and remand be **granted**.

## BACKGROUND

This is a products liability and personal injury case removed from state court. Plaintiff Steven Winograd is a citizen of New Jersey. (Am. Compl.) Defendant Mercedes-Benz USA, LLC ("MBUSA") is a Delaware limited liability company with its principal place of business in Atlanta, Georgia. (Notice of Removal ¶ 3.)

On December 20, 2013, Plaintiff was operating a vehicle manufactured by MBUSA. (Am. Compl. ¶ 2.) Plaintiff alleges that due to weather conditions the tires on his Mercedes-Benz vehicle skidded causing the car to collide with a communications poll. According to Plaintiff, the vehicle's airbag failed to deploy. (Compl. ¶ 4.) Plaintiff claims that he sustained serious injuries, including a severe head injury and physical disfigurement, as a result of the accident. (Id.)

According to Plaintiff, shortly after the accident, the vehicle was towed to Ferrara's Auto Body, in Montclair, New Jersey, the last known location of the vehicle. (Declaration of Eric J. Warner, Esq. dated January 27, 2017 ("Warner Decl.") ¶ 3, Ex. C.) Plaintiff maintains that the lien holder of the vehicle, Daimler Trust of Forth Worth Texas, sold the vehicle to an unknown salvage company and shipped it overseas. (Warner Decl. ¶ 4, Ex. D.) During the 12 month period prior to the accident, Plaintiff's vehicle was maintained and/or serviced on four separate occasions by Prestige Auto, Inc. located in Paramus, New Jersey. (Id. ¶ 1, Ex. A.)

On December 18, 2015, Plaintiff commenced this action in state court.[1] Plaintiff filed an Amended Complaint on July 12, 2016, naming only MBUSA and fictitious parties as defendants. The six count Complaint seemingly asserts causes of action for reckless and negligent conduct as well as claims under the New Jersey Products Liability Act, N.J.S.A. 2A:58C-1, *et seq*.

---

[1]The Complaint named MBUSA, the Township of Montclair, Verizon Communications, Inc., St. Joseph's Hospital, as well as fictitiously named parties as defendants.

On July 1, 2016, the Amended Complaint was administratively dismissed, without prejudice, for lack of prosecution. (Pl. Br. at 1.) On August 11, 2016, MBUSA removed the action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 alleging federal diversity jurisdiction.[2] Plaintiff subsequently moved to join three defendants—Prestige Auto, Inc., Ferrara's Auto Body, and Daimler Trust of Forth Worth Texas—and to remand the case. Plaintiff argues that the case must be remanded because MBUSA's removal of an administratively dismissed state court case was improper. Plaintiff also contends that he should be permitted to amend the Complaint to add indispensable parties that allegedly failed to perform appropriate maintenance on his vehicle and/or were involved in the spoliation of evidence following the crash, the joinder of which will destroy diversity. Finally, Plaintiff maintains that the case was improperly removed on diversity grounds because Plaintiff and MBUSA are both citizens of New Jersey and therefore are not diverse.[3]

---

[2] Following removal, the parties filed several motions which were opposed. Specifically, among them, on August 15, 2016, Plaintiff filed a motion to remand [ECF No. 4] and an amended motion to remand. [ECF No. 5.] The motion to remand was based on the assertion that, prior to removal, Defendant was aware that Plaintiff told Defendant that he intended to join several additional parties to the lawsuit. On September 13, 2016, Plaintiff filed a separate motion for joinder [ECF No. 9] seeking to add the same three proposed defendants which are the subject of the instant motion for joinder. In addition, the Court *sua sponte* raised a question of MBUSA's citizenship. [ECF No. 19.] On January 5, 2017, the Court entered an Order which directed, *inter alia*, Defendant to provide citizenship information and permitting Plaintiff to file a single motion to amend, join new parties and remand. [ECF No. 19.]

[3] MBUSA is a limited liability company. Its citizenship is determined by the citizenship of each of its individual members. See Zambelli Fireworks Mfg. Corp. v. Wood, 592 F.3d 412, 419, 421 (3d Cir. 2019). Plaintiff claims that MBUSA's sole member, Daimler North America Corporation, has its main business address in New Jersey and is a New Jersey citizen. Hence, Plaintiff maintains that MBUSA is a citizen of New Jersey and is not diverse from Plaintiff.

MBUSA opposes the motion on several grounds.  First, MBUSA argues that Plaintiff's proposed amendment to join additional parties is futile because the applicable statutes of limitation have expired as to the proposed claims.  Second, maintaining that Plaintiff has failed to show that the proposed additional defendants are indispensable parties, MBUSA contends that the motion for joinder should be denied because Plaintiff has been dilatory in seeking joinder and its actual purpose is to defeat diversity jurisdiction.  Third, MBUSA, a limited liability company, maintains that is a diverse party based on the citizenship of its sole member, which is a citizen of Delaware or Michigan.  Fourth, MBUSA argues that removal of the case was proper even if it already had been dismissed by the state court.

## DISCUSSION

### A. Legal Standard

The federal removal statute provides that "[e]xcept as otherwise provided by Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place *where such action is pending*."  28 U.S.C. § 1441(a) (emphasis added).  "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court."  Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007).  Removal is strictly construed and all doubts are resolved in favor of remand.  See Samuel-Bassett v. Kia Motors Am., Inc., 357 F.3d 392, 396 (3d

Cir. 2004).

Generally, diversity jurisdiction is determined at the time of removal. See New Rock Asset Partners, LP v. Preferred Entity Advancements, Inc., 101 F.3d 1492, 1503 (3d Cir. 1996). A court may permit joinder of a non-diverse party to a removed case, even if that joinder would destroy diversity and would then require the court to remand the action back to state court. 28 U.S.C. § 1447(e); see also Kabajian v. United States, 267 F.3d 208, 212 (3d Cir. 2001). Although motions to amend are liberally granted under Rule 15, a court must scrutinize motions to amend more carefully where a plaintiff seeks to join a non-diverse party which consequently would deprive a federal court of subject matter jurisdiction. See City of Perth Amboy v. Safeco Ins. Co. of America, 539 F.Supp.2d 742, 746 (D.N.J. 2008); see also 28 U.S.C. § 1447(e).

When analyzing motions of joinder under § 1447(e), courts in this Circuit apply the factors set forth by the United States Court of Appeals for the Fifth Circuit in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987), cert. denied, 493 U.S. 851 (1989). See e.g., Montalvo v. Doe, No. 10-2617, 2010 WL 3928536 (E.D.Pa. Oct. 5, 2010); Midthassel v. Aramark Corp., No. 09-5515, 2010 WL 2521977 (D.N.J. June 15, 2010); Doe No. 4 v. Society for Creative Anachronism, Inc., 2007 WL 2155553 (E.D.Pa. July 23, 2007); Mersmann v. Continental Airlines, 335 F. Supp. 2d 544 (D.N.J. 2004). The Hensgens factors are: (1) whether the purpose of the plaintiff's motion is to defeat diversity jurisdiction; (2) whether the plaintiff was dilatory in seeking to amend his complaint; (3) whether the plaintiff will be prejudiced if the motion is not granted; and (4)

any other equitable factors.  See Hensgens, 833 F.2d at 1182.  See also Gilberg v. Stepan Co., 24 F. Supp. 2d 355, 357 (D.N.J. 1998) ("Virtually every court to address the joinder question since the enactment of § 1447(e) views the statute as . . . providing for a flexible, broad discretionary approach of the type prescribed in [Hensgens].")

**B.  Propriety of Removal**

The plain language of 28 U.S.C. § 1441 only authorizes removal of cases "pending" in state court at the time the notice of removal is filed.  28 U.S.C. § 1441(a).  Courts have recognized that Article III prevents federal courts from exercising jurisdiction over a case previously dismissed by a state court because if a case has already been closed, "no case or controversy exists."  See Smith v. Toyota Motor Sales, U.S.A. Corp., No. 06-2788, 2007 WL 1585157 (D.N.J. May 31, 2007) (citing Brown v. Dist. Dir., No. 01-1625 2002 U.S. Dist. Lexis 12693, at *7 (D. Colo. June 6, 2002); Philpott v. Resolution Trust Corp., 739 F.Supp. 380, 384 (N.D. Ill. 1990)).  See also JPMorgan Chase Bank, N.A. v. Farah, No. 16-3056, 2016 WL 8674607 (D.N.J. Dec. 16, 2016) (remanding case which had been administratively dismissed at time of removal finding removal "improper") (citing Fourez v. United States, 2009 WL 1151649, at *1 (S.D. Ill. April 29, 2009) (dismissing removed case because at time of removal the state case had been voluntarily dismissed, so "there was not a case or controversy pending and thus nothing to remove")).

Plaintiff has represented that his Amended Complaint was administratively dismissed, without prejudice, for lack of prosecution on July 1, 2016.  The case had not

been reinstated and remained dismissed at the time MBUSA removed it to this Court on August 11, 2016. It is likely that removal was improper because there was no case or controversy pending at the time the MBUSA removed the case. The Court could conceivably remand on the well-established principle that the removal statute should be strictly construed against removal. See Samuel-Bassett, 357 F.3d at 396. However, because the case should be remanded on independent grounds, the Court will address same here. See Weiderspahn v. Wing Enterprises, Inc., No. 09-2441, 2009 WL 2070353 (D.N.J. July 10, 2009) (declining to decide whether case dismissed at time of removal warranted remand when case could be remanded on independent grounds).

## C. Joinder Analysis

Plaintiff is a citizen of New Jersey. Plaintiff seeks to join three defendants—Prestige Auto, Inc. ("Prestige"), Ferrara's Auto Body ("Ferrara's"), and Daimler Trust of Forth Worth Texas ("Daimler Trust"). Plaintiff seeks to join Prestige to assert a claim for negligent service and repair of Plaintiff's vehicle. Plaintiff seeks to join Ferrara's and Daimler Trust to assert a claim for fraudulent concealment. Prestige and Ferrara's are alleged to be citizens of New Jersey. (Am. Comp. ¶¶ 2, 4.) Thus, if either are joined, diversity would be destroyed and the case remanded to state court. See 28 U.S.C. § 1447(e).[4] MBUSA argues that all of the Hensgens factors weigh against

---

[4]MBUSA disputes Plaintiff's contention that Daimler Trust was the titleholder of the vehicle at the time of the salvage. (Def.'s Br. 8, n. 2; ECF No. 21-3.) The Court makes no finding as to the actual titleholder on the record before it. Joinder of Daimler Trust, a non-New Jersey entity, would not disturb diversity jurisdiction and therefore has no bearing on the motion to remand before it.

Plaintiff's motion to assert claims against Prestige, Ferrara's and Daimler Trust. The Court is not persuaded by Defendant's arguments.[5]

Defendant argues that the purpose of Plaintiff's motion is to defeat diversity. Defendant contends that Plaintiff's motion for joinder grasps at speculative possibilities as to potential liability. Asserting that Plaintiff did not just learn of Prestige's servicing and Ferrara's towing and storage of Plaintiff's vehicle, Defendant points out that Plaintiff fails state that he was unaware of this information prior to filing his Amended Complaint.

Plaintiff's counsel explains that he was first approached by Plaintiff only days prior to the expiration of the statute of limitations and filed suit in state court quickly on December 22, 2015, so as to preserve Plaintiff's claims. Plaintiff represents that during the period between the time the action was filed and prior to it being removed, Plaintiff served a discovery demand on Defendant seeking, *inter alia*, information tailored to identify additional parties. According to Plaintiff, Defendant failed to answer the discovery requests. Plaintiff also contends that upon further investigation, it became clear that the vehicle had been sold to a salvage company and shipped overseas, and that Prestige's maintenance and service of the vehicle was relevant to the Plaintiff's claim. Plaintiff contends that the parties he now seeks to join were not joined earlier primarily

---

[5]MBUSA also argues that Plaintiff has failed to show that the proposed defendants are indispensable parties and therefore the motion should be denied. Under Rule 19, compulsory joinder is required when the party whose joinder is proposed is either indispensable or necessary to the litigation. While the record does reflect that joinder of the parties would be "desirable for a just adjudication of the action" the Court will not undertake a compulsory joinder analysis under Rule 19 as, for the reasons stated below, it finds that the parties may be permissively joined under § 1447(e). See Field v. Volkswagenwerk AG, 626 F.2d 293, 299 (3d Cir. 1980).

because counsel had to undertake an extensive investigation to ascertain the identities of the prospective defendants, particularly because Plaintiff, who suffers from a traumatic head injury, was unable to provide constructive assistance to counsel. Additionally, Plaintiff's counsel states that upon making first contact with Defendant's counsel, he was given the impression that the commencement of this lawsuit would not be necessary and that resolution of the case appeared to be possible pre-suit.[6]

The motive behind joinder of a non-diverse defendant is a fact specific inquiry. It appears unlikely that Plaintiff was aware that Ferarra's and Daimler Trust were allegedly involved in the spoliation of his vehicle at the time the Complaint and Amended Complaint were filed. Furthermore, it is questionable whether at that time Plaintiff was aware that Prestige's action allegedly contributed to the accident in question. Even if Plaintiff had been aware, Plaintiff's knowledge does not necessarily equate with improper motive. As Plaintiff has explained, the suit was commenced quickly, arguably without sufficient investigation, in order to preserve Plaintiff's cause of action for his injuries. Thereafter, Counsel's investigative efforts were hindered due to Plaintiff's inability to provide counsel with information potentially probative on the issue of liability. Finally, it appears that Plaintiff was making a legitimate effort to determine the identity of allegedly culpable parties by serving discovery on MBUSA before the case was removed, and in particular, to discover who was responsible for the vehicle's spoliation. (Pl.'s Br. 2.)

---

[6]Plaintiff's counsel also cites to personal health and family-related reasons that hindered his ability to earlier identify all potential defendants to this action.

While one may question Plaintiff's counsel's litigation strategy, and notwithstanding that Counsel perhaps could have taken steps to identify any potential culpable parties earlier by employing other means, Plaintiff's actions demonstrate a plausible explanation for failing to name these parties sooner.

The Court will not draw the conclusion that Plaintiff's attempted joinder is motivated by an improper purpose. The fact is Plaintiff seeks to assert claims against parties arguably which had at least some involvement in the cause of the accident at issue. Generally, if a proposed claim is viable, and there is a genuine intent to prosecute the claim in good faith, the primary purpose of joinder is not to defeat federal jurisdiction. See Mersmann, 335 F. Supp. 2d 544, 547-48 (D.N.J. 2004). This factor weighs in favor of joinder.

The Court finds that Plaintiff has not been dilatory in seeking joinder. The case was removed to this Court less than one year ago. Only four days after removal, Plaintiff filed a motion to remand [ECF No.4] and amended motion to remand [ECF No. 5] stating essentially that prior to removal, Plaintiff told Defendant that he intended to join additional parties to the lawsuit. Less than one month later, Plaintiff filed, as a separate motion, a "motion for joinder" [ECF No. 9] in which it appears that he sought to add the three parties he seeks to join by way of the current motion.

Plaintiff has not unduly delayed in bringing its motion. Plaintiff first motion to remand, filed only four days after removal, referred to his intention to add new parties and mentioned that he had advised Defendant previously of his intent to do so. The Third

Circuit has noted that the mere passage of time, unaccompanied by resulting prejudice to the movant's adversary or the Court, is insufficient to constitute undue delay. See Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir. 1984). This is a new case and there has been no discovery. MBUSA will not suffer any prejudice from litigating state law claims in a state forum. This factor weighs heavily in favor of joinder.[7]

The remaining factors also weigh in favor of joinder. Plaintiff conceivably will suffer prejudice if the motion to join is not granted. The vehicle, which was

---

[7]MBUSA also argues that Plaintiff's proposed amendments are futile as time-barred and therefore the motion should be denied. Plaintiff seeks to assert a claim of "fraudulent concealment" against Ferarra's and Daimler Trust. Relying on Avagnano-Pirozzi v. Chinchar, 2010 WL 4025881, at *6 (N.J.Super. Ct. App. Div. Aug. 2, 2010), Defendant claims that the statute of limitations governing fraudulent concealment is two years and that the statute began to run more than two years ago, on July 28, 2014, at the time the vehicle was sold for salvage. (Def.'s Br. 7; ECF No. 21-3.) However, this Court has called the Avagnano-Pirozzi decision into question and has concluded that the statute of limitations for fraud is six years. See Sweeney v. Trinity Highway Products, LLC, No. 16-765, 2016 WL 7325471, at*2, n.1 (D.N.J. Dec. 16, 2016). This District has also previously observed that a six-year statute of limitations would apply to fraudulent concealment claims. See e.g., Bullock v. Cabasa, 10-1412, 2013 WL 6253432, at *7 (D.N.J. Dec. 4, 2013); Arcand v. Brother Int'l Corp., 673 F.Supp. 2d 282, 305 (D.N.J. 2009). While the Court makes no finding as to whether the claims against Ferarra's and Daimler are time-barred, the Court concludes that, at the very least, the claims are not so clearly futile so as to deny the amendment at this time. Defendant also argues that the proposed claim against Prestige is barred by the two-year statute of limitations governing a negligence claim. (Def.'s Br. 6 (citing N.J.S.A. § 2A:14-2)). Relying on the "relation back" doctrine found in Rule 15(c), Plaintiff contends that the proposed amendment relates back to the date of the original pleading and therefore is not time-barred. Given the liberal standard for the amendment of pleadings, "courts place a heavy burden on opponents who wish to declare a proposed amendment futile." See Pharmaceutical Sales and Consulting Corp. v. J.W.S. Delavau Co., Inc., 106 F. Supp. 2d 761, 764 (D.N.J. 2000) (citations omitted). Thus, "[i]f a proposed amendment is not *clearly* futile, then denial of leave to amend is improper." Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 468 (D.N.J.1990) (emphasis added). Inasmuch as the application of the relation back doctrine was not exhaustively addressed by the parties, the Court is not inclined to make such a determination on the record before it. It is more prudent for the state court, applying its own law on a motion to dismiss, to determine the viability of Plaintiff's proposed negligence claim. Therefore, the Court finds that Plaintiff's proposed claim is not so "clearly futile" so as to deny the motion to amend here.

catastrophically damaged, would likely have been a critical piece of evidence in Plaintiff's case. That the vehicle was sold as salvage, shipped to another country, and no longer available for inspection, makes the participation of the Prestige, Ferarra's and Daimler Trust critical to a determination of Plaintiff's action. Indeed, given that the vehicle is no longer available as evidence, Plaintiff's claim, at least in part, may in principle be one for "fraudulent concealment" against Ferarra's and Daimler Trust. Additionally, given the fact that the vehicle skidded off the road and the airbag did not deploy upon impact suggests that Prestige may have breached a duty by failing to properly perform its overall service and tire maintenance on the vehicle. The fact is, without the participation of MBUSA and the entities Plaintiff seeks to join, Plaintiff would be prejudiced in any attempt to make himself whole by this litigation.

In sum, the <u>Hensgens</u> factors weigh heavily in favor of joinder. There has been no undue delay or prejudice. The Court finds that the purpose of the amendment is not to defeat federal jurisdiction. Accordingly, Plaintiff's motion to join Prestige, Ferarra's and Daimler Trust should be granted. The joinder of Prestige and Ferarra's, New Jersey citizens, destroys this Court's federal diversity jurisdiction. For this reason, it is respectfully recommended that the case be remanded pursuant to 28 U.S.C. § 1447(e).[8]

---

[8] Joinder of the new defendants destroys this Court's diversity jurisdiction. Because the case will be remanded for lack of subject matter jurisdiction, Court need not make a determination as to the citizenship of MBUSA as the issue is moot.

## CONCLUSION

For the reasons set forth, it is respectfully recommended that Plaintiff's motion to join and remand be **granted**

                                                s/Mark Falk  
                                                **MARK FALK**  
                                                **United States Magistrate Judge**

**Dated: June 14, 2017**