# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN WINOGRAD,<br><br>Plaintiff,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC., *et al.*,<br><br>Defendants. | Civ. No. 2:16-cv-04914(WJM)<br><br>**ORDER** |

Plaintiff, North Jersey Brain & Spine Center, filed this action in New Jersey Superior Court to recover payment for medical services from Defendants AETNA, asserting breach of implied contract, unjust enrichment, interference with economic advantage, and other state law claims. Defendants removed the action to this Court, arguing that there was federal jurisdiction because the state law claims were completely preempted by § 502(a) of ERISA. Plaintiff moved to remand. The motion to remand was referred to United States Magistrate Judge Mark Falk. On February 17, 2017, Judge Falk filed a detailed, 13-page Report and Recommendation in which he found that this action is "a straightforward breach of contract action pled independent of any claims that potentially could exist under the [patients'] ERISA plans." ECF No. 19 ("R&R"). The parties were notified that they had fourteen (14) days to submit objections to the Report and Recommendation pursuant to Local Civil Rule 72.1(c)(2).

Defendants timely filed objections to the Report and Recommendation, making substantially the same arguments that Judge Falk rejected when evaluating the motion to

1

Defendants timely filed objections to the Report and Recommendation, making substantially the same arguments that Judge Falk rejected when evaluating the motion to remand. This Court has reviewed the Report and Recommendation *de novo* and agrees in all respects with Judge Falk's reasoning. Specifically, the Court notes, as Judge Falk did, that even if Plaintiff has standing to bring this action under § 502(a) of ERISA (which is doubtful for at least some of the claims, given that no valid ERISA assignment has been shown for four out of seven patients), "Plaintiff's state law claim for breach of contract is in no way based on any legal obligation under the ERISA plans," *i.e.*, an independent legal duty supports Plaintiff's claim. R&R at 13. *See also Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004) (setting forth the two-prong test for removal under § 502(a) of ERISA). For the reasons set forth in detail in the Report and Recommendation, and for good cause appearing;

IT IS on this 7th day of July 2017, hereby,

**ORDERED** that Defendants' objections to the Report and Recommendation are overruled; and it is further

**ORDERED** that the Report and Recommendation of Magistrate Judge Mark Falk is adopted as the Opinion of this Court; and it is further

**ORDERED** that this matter is hereby remanded to the Superior Court of New Jersey.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**